**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **WILLIAM HENRY DRAINE,** | * |
| *Petitioner*, | * |
| v. | * Criminal No. RWT-10-0597 |
| | * Civil No. RWT-16-2225 |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent*. | * |

**MEMORANDUM OPINION**

Pending before the Court are Petitioner's (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (ECF No. 50), (2) Motion for Leave of Court Granting Request Pursuant to Rule 6 for Additional Discovery ("Motion for Discovery") (ECF No. 53), and (3) Motion Requesting Leave to Amend his Motion to Vacate Pursuant to Federal Rule of Civil Procedure 15(a) ("Motion to Amend") (ECF No. 54). For the reasons discussed below, the Court will deny each motion.

**I. Background**

On February 7, 2011, Petitioner pleaded guilty to (1) possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and (2) possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g). ECF No. 23. In preparation for sentencing, the United States Probation Office ("Probation") determined Petitioner to be an armed career criminal, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on a prior conviction for a violent felony, armed robbery, and three prior convictions for serious drug offenses. Presentence Report ("PSR") ¶¶ 24, 42. This finding resulted in a higher offense level under United States Sentencing Guidelines

("U.S.S.G." or "Guidelines") § 4B1.4(b)(3)(A). *Id.* Petitioner's total offense level was determined to be 31 and his criminal history category to be VI, resulting in a Guidelines range of 188 to 235 months imprisonment. *Id.* ¶ 55. On July 28, 2011, the Court sentenced Petitioner to 180 months imprisonment, the mandatory minimum under the ACCA, followed by five years of supervised release. ECF No. 47. Petitioner did not appeal his sentence.

On June 17, 2016, Petitioner filed his Motion to Vacate. ECF No. 50. On September 7, 2016, the Government filed a Response in Opposition to Petitioner's Motion to Vacate, ECF No. 51, to which Petitioner filed a Reply on September 26, 2016, ECF No. 52. On October 28, 2016, Petitioner filed his Motion for Discovery, ECF No. 53, and his Motion to Amend, ECF No. 54. The Court will first dispose of Petitioner's Motion to Vacate and then the remaining motions.

## II. Motion to Vacate

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Collateral attack is not a substitute for direct appeal, therefore the failure to raise certain issues on direct appeal may render them procedurally defaulted on habeas review. *United States v. Frady*, 456 U.S. 152, 165 (1982). If the § 2255 motion, along with the files and records of the case,

"conclusively show that [the petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. *Pro se* petitions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

In his Motion to Vacate, Petitioner focuses his challenge on the ACCA sentence enhancement. Petitioner argues that his prior armed robbery conviction no longer constitutes a qualifying violent felony after *United States v. Johnson*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). ECF No. 50 at 4. Accordingly, Petitioner asks the Court to resentence him without the ACCA enhancement. *Id.*

Notwithstanding Petitioner's argument, the Court need not weigh in on the question of whether Petitioner's prior conviction for armed robbery constitutes a qualifying ACCA predicate after *Johnson* because, as the Government points out in its Response, *see* ECF No. 51 at 3, Petitioner also had three qualifying prior drug offenses that are sufficient to uphold the ACCA enhancement.

Pursuant to 18 U.S.C. § 924(e)(1), an armed career criminal is a person convicted under 18 U.S.C. § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." The definition of a qualifying "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

In determining whether a prior state conviction for a drug offense meets the above statutory definition, "[t]he controlling inquiry . . . is not what sentence [the defendant] actually

3

received for the individual [offense][, but] [i]nstead . . . the maximum penalty that [the defendant] faced given his particular offense and his particular criminal history." *United States v. Newbold*, 791 F.3d 455, 462 (4th Cir. 2015). In a case where there are no aggravating factors, the Court considers "the presumptive term to be the maximum applicable punishment." *Id.* This is true even where "the defendant actually received a sentence below the presumptive term, either due to the existence of mitigating factors, or pursuant to a statutorily binding plea agreement." *Id.* at 462–63 (internal citations omitted).

All three of Petitioner's prior drug convictions constitute predicate offenses as can be determined through public records at the time of his convictions. According to Petitioner's PSR, Petitioner's three qualifying convictions were (1) a 1991 Maryland conviction for possession with intent to distribute cocaine (Case No. CT911763A), (2) a 1992 federal conviction for unlawful possession with intent to distribute five grams or more of cocaine base (Case No. CR-92-0059-01), and (3) a 2000 District of Columbia conviction for possession with intent to distribute heroin (Case No. 2000FEL7631). PSR ¶¶ 24, 33, 36, 41.

***Maryland possession with intent to distribute cocaine conviction.*** Under Maryland Annotated Code, Criminal Law § 5-602(2),[1] it is unlawful to "possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to distribute or dispense a controlled dangerous substance." Sections 5-403(b)(3)(iv)[2] and 5-101(s)(1)(ii)[3] together provide that cocaine is a narcotic, Schedule II controlled dangerous substance. Section 5-608(a)[4] states that "a person who violates a provision of §§ 5-602 through 5-606 of this subtitle with respect to a Schedule I or Schedule II narcotic drug is guilty of a

---

[1] Formerly Art. 27, § 286(a)(1), but derived without substantive change as is relevant here.
[2] Formerly Art. 27, § 279(b), but derived without substantive change as is relevant here.
[3] Formerly Art. 27, §§ 286B(a)(1), 287B(a), but derived without substance change as is relevant here.
[4] Formerly Art. 27, § 286(b)(1), but derived without substantive change as is relevant here.

4

felony and on conviction is subject to imprisonment not exceeding 20 years or a fine not exceeding $15,000 or both." Although it appears that Petitioner received a suspended sentence of only eight years imprisonment, the presumptive term and thus the maximum term of imprisonment to which he was subject for his conviction was 20 years. Accordingly, his Maryland conviction is a qualifying ACCA predicate offense. *See Newbold*, 791 F.3d at 462; *United States v. Washington*, 629 F.3d 403, 413–14 (4th Cir. 2011) (finding defendant's conviction under Art. 27, § 286 of Maryland Code a qualifying ACCA predicate).

*Federal possession with intent to distribute cocaine base conviction.* Under 21 U.S.C. § 841(a)(1), it is unlawful "to manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." Under § 841(b)(1)(B) at the time of Petitioner's sentencing in 1992, a person in violation of § 841(a)(1) involving five or more grams of cocaine base "shall be sentenced to a term of imprisonment which may not be less than 5 years," but a defendant who committed the offense after a prior conviction "for an offense punishable under . . . [the] law of a State . . . relating to narcotic drugs, marijuana, or depressant or stimulant substances, ha[s] become final," the mandatory minimum sentence is enhanced to 10 years. Because Petitioner had a prior state conviction for an offense relating to narcotic drugs, the prescribed maximum sentence for his federal conviction was at least ten years, and thus the conviction is a qualifying ACCA predicate. *See Newbold*, 791 F.3d at 462.

*District of Columbia possession with intent to distribute heroin conviction.* Under the District of Columbia Annotated Code, § 48-904.01(a)(1), it is unlawful for any person to possess with the intent to distribute a controlled substance. Section 48-904.01(a)(2)(A) provides that any person in violation of said section with respect to a "controlled substance classified in Schedule I or II that is a narcotic or abusive drug shall be imprisoned for not more than 30 years . . . ."

5

Heroin is a Schedule I narcotic. §§ 48-901.02(15), -902.04(2)(k). Because the prescribed maximum penalty for Petitioner's District of Columbia conviction is 30 years, his conviction is a qualifying ACCA predicate. *See Newbold*, 791 F.3d at 462.

Based on the foregoing, Petitioner's enhancement under the ACCA was valid, and therefore there is no need to disturb the Court's judgment, regardless of whether Petitioner's armed robbery conviction constitutes a violent felony under the ACCA. The Court will accordingly deny Petitioner's Motion to Vacate.

### III. Motion for Discovery and Motion to Amend

*Motion for Discovery.* In Petitioner's Rule 6 Motion for Discovery, Petitioner asks the Court that certain documents necessary for him to fully litigate his Motion to Vacate be made available to him. ECF No. 53. These documents include (1) the plea and sentencing transcripts relating to his armed robbery conviction, (2) the plea and sentencing transcripts, charging documents, and plea agreement relating to his 1991 Maryland conviction, (3) the plea and sentencing transcripts, charging documents, and police reports relating to his 2000 District of Columbia conviction, and (4) the plea and sentencing transcripts, police reports, and charging papers relating to his 1992 federal conviction. ECF No. 53-1. Because the Court's determination of whether a prior conviction constitutes an ACCA predicate offense hinges on the particular offense and the defendant's criminal history at the time of the offense only, *see Newbold*, 791 F.3d at 462, transcripts of Petitioner's plea and sentencing hearings and any plea agreements are irrelevant to the inquiry. Additionally, the crimes for which Petitioner was convicted are accessible from public records, so there is no need for the charging documents and police reports. The requested discovery will therefore not change the Court's analysis, so the Court will deny Petitioner's Motion for Discovery as unsupported by good cause.

*Motion to Amend.* In his Motion to Amend, Petitioner expounds on his argument that his prior armed robbery conviction no longer constitutes a crime of violence and asserts an argument that his Maryland drug conviction does not constitute a serious drug offense. Both proposed amendments, however, would be futile and will therefore be denied.

Federal Rule of Civil Procedure 15 governs requests to amend a § 2255 motion. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Under Rule 15(a), a party may amend a pleading to which a responsive pleading is required "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court "should freely give leave [to amend] when justice so requires." *Id.* "In fact, such leave 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In this instance, Petitioner's proposed amendment regarding his armed robbery would be futile because, as concluded above, his three prior drug convictions are sufficient to uphold the ACCA sentencing enhancement. Petitioner's proposed amendment regarding his Maryland drug conviction would also be futile because, as laid out above, the inquiry to determine whether a drug offense constitutes an ACCA predicate is focused on the maximum penalty Petitioner faced based on the conduct of his offense and criminal history at the time, regardless of whether he was sentenced below the prescribed statutory maximum due to mitigating sentencing factors or a plea agreement. *Newbold*, 791 F.3d at 462–63. His assertions and citations do nothing to alter the Court's analysis of the qualifying nature of the offense.

## IV. Certificate of Appealability

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). The Court has assessed Petitioner's Motion to Vacate and Motion to Amend and finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

## V. Conclusion

Based on the foregoing, the Court finds that Petitioner's Motion to Vacate and Motion to Amend, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," and, as such, will deny both motions. *See* 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. Additionally, the Court will deny Petitioner's Motion for Discovery. A separate order will follow.

DATE: August 13, 2018
                                           /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE